**BROWN PLUMBING & HEATING CO., Petitioner,**

v.

**STATE TAX COMMISSION, Respondent.**

No. 920402–CA.

Court of Appeals of Utah.

Feb. 19, 1993.

Rehearing Denied March 29, 1993.

---

Brinton R. Burbidge, Merrill F. Nelson, and Blake T. Ostler, Salt Lake City, for petitioner.

Jan Graham and Clark Snelson, Salt Lake City, for respondent.

Before GREENWOOD, JACKSON and RUSSON, JJ.

JACKSON, Judge:

Brown Plumbing and Heating Company (Brown) seeks a redetermination of the sales or use tax deficiency assessed against it by the *Auditing Division of the Utah State Tax Commission.* We reverse.

## FACTS

In June 1985, the Board of Education of Alpine School District (Alpine) entered into a general contractor's agreement with Paulsen/Ellsworth Construction Company for the construction of Cedar Hollow Junior High School. Paragraph twenty of the contract's supplementary conditions provided that Alpine, "at its sole option and discretion, may purchase certain major items and quantities of materials from the specifications for utilization in the project by writing Purchase Orders directly to suppliers." It is undisputed that Alpine is a political subdivision, and as such, is exempt from sales tax payments.[1] In the event of a direct purchase by Alpine, the purchase order amounts plus the sales tax that the contractor would have had to pay would be deducted from the contract price. The contract also provided that Alpine could amend the contract through a change order provision.

In February 1986, the Paulsen/Ellsworth Company entered into a subcontract agreement with Brown to furnish and install the school's plumbing fixtures. The subcontract contained the same direct-purchase and change order provisions as the general contract. Brown knew before entering into the subcontract that Alpine intended to exercise its option to purchase certain materials directly from the suppliers. Alpine, in fact, did exercise its direct-purchase option. Alpine amended the subcontract through

the change order provision deleting those direct-purchase materials from the subcontract. This, in effect, changed the subcontract from a furnish and install contract to an installation only contract with respect to the materials directly purchased by Alpine. Alpine's official disbursing agent issued the purchase orders for the materials, and title to materials vested directly in Alpine.

As to the purchase of the plumbing materials, the parties stipulated to certain facts and the Tax Commission made specific findings of fact, which include the following:

Petitioner was the plumbing subcontractor after entering into an agreement with Paulsen/Ellsworth Construction Company and was required to furnish and install plumbing fixtures on the project, subject to provisions for change orders.

The General Conditions of the Contract for Construction also provided that the owner could amend the contract by change order and also subtract a contract sum from the total contract if it so desired.

The agreement provided for direct purchases of construction materials by the school district by adherence to certain procedures as follows:

a. The owner (Alpine School District) could purchase certain major items and quantities of materials for utilization in the project by writing purchase orders directly to the suppliers.

b. The general contractor and its subcontractors, were required to make a list of materials and the cost for which such materials could be directly purchased.

c. The owner would then provide purchase requisitions upon which the contractor would specifically state its needs and schedules for delivery dates.

d. The purchase orders were then written by the owner from the requisitions.

e. The purchase order amount plus the sales tax amount was deducted from the total contract amount.

1. *See* Utah Code Ann. § 59–15–6(1)(a)(iii) (Supp. 1985).

f. Invoices received upon receipt of delivery of materials to the project site were sent to the owner for direct payment.

If the owner decided to directly purchase materials through the above described procedure, invoices received upon delivery of materials to the project site were sent to the owner for direct payment to the vendor.

Pursuant to contract documents, purchase orders were issued by the school district.

The Supplementary Conditions of the Instructions to Bidders contained a statement that the title to all materials purchased directly by the owner on its own purchase orders, passed from the vendor directly to the Alpine Board of Education upon delivery to the job site without any vesting in the contractor.

No surplus materials from the project were retained by the Petitioner. All materials purchased by the owner and installed by the Petitioner became fixtures or a part of the junior high school building.

The owner provided insurance coverage for owner purchased materials after purchase and through construction for the building.

The Auditing Division of the Tax Commission audited Brown for the period of January 1, 1984 to December 31, 1985. Brown was assessed with tax and interest for the materials directly purchased by Alpine.

## ISSUE

The issue for us to decide is whether Brown can be held liable for sales tax on plumbing materials and supplies purchased by Alpine and installed by Brown. In its written determination, the Tax Commission characterized the primary issue in this case as "whether the Petitioner or the owner was the real property contractor." In light of the governing tax statute, the Tax Commission's characterization is not useful in determining whether Brown was liable for the sales tax on these commodities.

## ANALYSIS

■ This action was commenced before the effective date of the Utah Administrative Procedures Act (UAPA) and we apply a pre-UAPA standard of review pursuant to *Morton Int'l Inc. v. Auditing Div.*, 814 P.2d 581 (Utah 1991). Under *Morton,* we review for correctness an agency's application of findings of fact to statutes the agency is empowered to administer if the agency is in no better position to determine the issue. *Id.* at 585.

■ The tax laws in effect during the tax assessment period govern this dispute. *See Chicago Bridge & Iron Co. v. State Tax Comm'n*, 839 P.2d 303, 306 (Utah 1992). The Tax Commission specifically found the tax assessment period was January 1, 1984 to December 31, 1985. The governing Sales Tax Act is clear. "Tax" under the Act is "payable by the purchaser of a commodity or service subject to tax." Utah Code Ann. § 59–15–2(8) (Supp.1985). The tax assessment was on the sale of plumbing materials, that is, commodities purchased by Alpine.

■ The Tax Commission makes two alternative arguments to support a determination that Brown, rather than Alpine, was the purchaser of these commodities. We find both of these arguments unpersuasive. The Commission first argues that Brown had the benefits and burdens of owning the property and is thus the purchaser. According to the case cited by the Tax Commission, the "benefits and burdens" test is used to determine when a transfer of property takes place for tax purposes. *J.B.N. Tel. Co., Inc. v. United States*, 638 F.2d 227, 232 (10th Cir.1981). Sales tax, however, is imposed on the sale not the transfer of property. The Tax Commission next argues that Alpine was nothing more than the purchasing agent for Brown. The subcontract specifically states that Alpine had sole discretion to determine what, if any, materials it would purchase. Because Brown had no control over Alpine's purchases, no agency relationship existed between Alpine and Brown

as to those purchases. *See Zions First Nat'l Bank v. National Am. Title Ins. Co.,* 749 P.2d 651, 654 (Utah 1988).

■ As the stipulated facts and Tax Commission findings indicate, the record can only support a finding that Alpine, not Brown was the purchaser of the commodities. Accordingly, the Tax Commission's application of the findings of fact to the Sales Tax Act and the resulting conclusion that Brown was liable for tax on the purchase of plumbing materials by Alpine was incorrect.[2]

We reverse.

GREENWOOD and RUSSON, JJ., concur.

2. Although the Tax Commission's brief focuses on sales tax liability, the Tax Commission makes inconsistent reference to both sales and use tax liability. We note that the governing Use Tax Act levies and imposes an excise tax on "[t]he storage, use, or other consumption in this state of tangible personal property *purchased* for storage, use, or other consumption in this state." Utah Code Ann. § 59–16–3(a) (Supp. 1985) (emphasis added). Again, because use tax is based on the purchase of tangible personal property and Brown was not the purchaser, it cannot be liable for a use tax based on the purchase.