ARCO ELECTRIC, Petitioner,

v.

UTAH STATE TAX COMMISSION, Respondent.

No. 920182.

Supreme Court of Utah.

Sept. 22, 1993.

John E.S. Robson, Thomas Christensen, Jr., Salt Lake City, for Arco Elec. and Granite School Dist., Graham Dodd, Robert P. Lunt, Salt Lake City, for Church of Jesus Christ of Latter-day Saints.

Bruce L. Olson, Keith A. Kelly, Salt Lake City, for Brigham Young University.

R. Paul Van Dam, Atty. Gen., Clark L. Snelson, Asst. Atty. Gen., Salt Lake City, for Tax Com'n.

HALL, Chief Justice:

Arco Electric ("Arco") appeals from a final order of the Utah State Tax Commission (the "Commission"). The Commission held that it was proper to assess Arco a use tax under Utah Code Ann. § 59–12–103.

The facts of this case and the issues presented do not differ in any material respect from those addressed in *Thorup Brothers Construction, Inc. v. Auditing Division of the Utah State Tax Commission*, 860 P.2d 324 (1993). We find that *Thorup* is dispositive of this appeal.

Arco is an electrical contractor. In 1986, Arco entered into contracts with three separate owners (collectively referred to as the "owners") to perform the electrical work, which included providing and/or installing electrical equipment, for three construction projects. Arco contracted with The Church of Jesus Christ of Latter-day Saints (the "LDS Church") to perform electrical work for a print center, with the Granite School District ("Granite") to perform electrical work for two elementary schools, and with the Utah Transit Authority ("UTA") to perform electrical work for a physical facilities building. The owners are all tax-exempt entities, the LDS Church as a religious and charitable organization and Granite and UTA as political subdivisions of the State of Utah. As tax-exempt entities, the owners are not required to pay sales tax on items purchased.

The three construction projects were separate and distinct from each other. Separate documents were entered into for each project between the owner and a general contractor or subcontractor. Under each of the separate contracts, the owner reserved the right to purchase materials to be used or installed in the construction project. In each of the projects, the owner as a tax-exempt entity was not required to pay sales tax on materials that it purchased and Arco later installed. Arco was assessed a tax deficiency with respect to some or all of the materials purchased by the owners as tax-exempt entities. This appeal concerns the assessment against Arco with regard to the LDS Church and Granite.[1]

---

1. The Commission held three separate hearings and entered separate findings of fact and conclusions of law. It ultimately found a use tax deficiency with respect to materials purchased by and used on the construction projects of the LDS Church and Granite but held that no tax was due with respect to the materials purchased for UTA's construction project. Neither the Commission nor UTA has appealed the ruling with respect to UTA.

Based on our decision in *Thorup*, we reverse and vacate the assessment orders of the Commission.

DURHAM and ZIMMERMAN, JJ., concur.

HOWE, Associate Chief Justice, dissenting:

I dissent for the reasons set out in my dissenting opinion in *Thorup Brothers Construction, Inc. v. Auditing Division of the Utah State Tax Commission*, 860 P.2d 324 (Utah 1993).

STEWART, J., concurs in the dissenting opinion of HOWE, Associate C.J.