**BROWN PLUMBING & HEATING CO., Plaintiff and Respondent,**

v.

**UTAH STATE TAX COMMISSION, Defendant and Petitioner.**

No. 930206.

Supreme Court of Utah.

Oct. 22, 1993.

---

Brinton R. Burbidge, Merrill F. Nelson, Blake T. Ostler, Salt Lake City, for plaintiff and respondent.

Jan Graham, Atty. Gen., Clark L. Snelson, Asst. Atty. Gen., Salt Lake City, for defendant and petitioner.

PER CURIAM:

This case is here on a petition for a writ of certiorari to review the decision of the Utah Court of Appeals in *Brown Plumbing & Heating Co. v. State Tax Commission,* 848 P.2d 181 (Utah Ct.App.1993). The petition for certiorari is hereby granted. No further briefing by the parties is required, however, as our recent cases of *Thorup Brothers Construction, Inc. v. State Tax Commission,* 860 P.2d 324 (Utah 1993), and *Arco Electric v. State Tax Commission,* 860 P.2d 330 (Utah 1993), are controlling. The court of appeals is affirmed.

Alpine School District entered into a contract for the construction of Cedar Hollow Junior High School with Paulson/Ellsworth Construction Co. Brown Plumbing & Heating (Brown) was a subcontractor on that project. Each of the general and subcontracts contained a clause allowing the owner, Alpine, to purchase materials for utilization in the construction directly from the supplier. As a school district, Alpine is exempt from payment of sales taxes under Utah Code Ann. § 59–12–104(2).

Pursuant to the clause in the construction contract, Alpine requested that Brown provide a list of building materials it could purchase. Alpine then used the list to write purchase orders directly to the supplier, and Brown specified the date on which it needed the materials. The materials were delivered to the work site, where Brown used them in the construction of the school. The cost of the materials and the amount otherwise assessable as sales tax were then deducted from the total contract price payable by Alpine.

The Tax Commission found that Alpine was merely acting as the purchasing agent for Brown and that the contractor had the "benefits and burden" of ownership of the materials. Therefore, the contractor was liable for sales tax on all materials purchased on the purchase orders prepared by Alpine. The Commission reasoned that Brown was liable for sales tax because sales and use taxes are imposed not only upon the sale of tangible personal property, but also upon tangible personal property that is stored, used, or consumed in the state. Utah Code Ann. § 59–12–103(1)(*l*). The Commission also found that a taxable event occurred when the materials were consumed or used in the construction of the school and reasoned that the contractor, Brown, not the owner, Alpine, used or consumed the materials.

The court of appeals reversed, holding that the record could only support a finding that Alpine, not Brown, was the purchaser of the materials within the meaning of section 59–12–103(1)(*l*). The court pointed out that the tax on property stored, used, or consumed in the state is imposed on the *purchaser* who buys property for storage, use, or consumption in the state. Therefore, the Commission's agency argument was rejected. Since Alpine was the pur-

chaser and is exempt from sales taxes as a subdivision or institution of the state, the fact that Alpine had a nonexempt party incorporate the purchased property into Alpine's realty does not change the character of the transaction. This reasoning is in accord with our opinions in *Thorup* and *Arco*, and the decision of the court of appeals is affirmed.

STEWART, Justice, concurring:

I would again join Associate Chief Justice Howe in his dissent, as I did in *Arco* and *Thorup*, but I recognize that the majority decision in those two cases is now the established law of this state. I therefore concur in affirming the court of appeals in this case.

HOWE, Associate Chief Justice, dissenting:

I dissent for the reasons previously expressed in *Thorup* and *Arco*.